Stewart, C. J.
We are of the opinion that the demurrer in this case should be sustained, for the reason that the plaintiffs have failed to allege in their petition facts which the statutes granting them the lien which they seek to enforce, make essential prerequisites to obtaining a lien. But for the statute no lien such as they call upon the court to enforce could have been obtáined by them, and it is thei’efore essential not only that the conditions precedent required by the statutes should exist, but their existence should be averred in the petition to entitle them to the .relief prayed for. Endlich Inter, of Statutes, sections 433, 434.
This rule is settled is this state by numerous adjudications. The sections of the Revised Statutes which relate to acquiring alien by a sub-contractor are 3185, 3187, 3193-3206, and from these it appears that a sub-contractoi’, in order to obtain *417 a lien upon the premises, must perform labor or furnish material or machinery for the construction, alteration, removal or repair of the property, appurtenances or structure as described in sections 3184 and 3186, provided for in a contract between the owner, etc., and a principal contractor, and under a contract between such sub-contractor, etc., and a principal contractor or sub-contractor ; must file at the time of beginning to . perform such labor, or furnish such material or machinery, or not more than sixty days from the performance of such labor or delivery of such machinery or material, with the owner, etc., a sworn and itemized account, etc., with all credits and set-offs thereon. Section 3193.
In order to notify his fellow sub-contractors, etc., he must at the same time file a copy of this notice with the recorder of the county where the property is situate, and failing to do so, will not be entitled to any preference. Section 3195. If the account is not disputed, or if disputed, after it is settled by arbitration, and the head contractor or sub-contractor neglects or refuses to pay the same within ten days, it is made the duty of the owner, etc.,'to pay the whole or a pro rata share thereof, depending upon the amount of the payment and of the claims filed, out of the subsequent payments, when due; and upon failure so to do within ten days thereafter, it may be recovered of the owner in an action for money had and received, provided it does not exceed the balance due the head contractor. Section 3201. Another remedy is given to the sub-contractor by section 3202, and upon the provisions of this section the plaintiffs seek to enforce their claim. Those provisions are in substance that if the owner, etc. fails to pay out of the subsequent payments as they fall due, and/or ten days thereafter, the whole or pro rata amount of the claim of the sub-contractor, etc., so filed with him, alien may be taken upon the building, etc., which shall date back from the date of furnishing the first item of such labor, etc., and have the same operation, effect and duration, with respect to the owner, etc., as the lien of the head contractor in similar cases.
O. W. Aldrich, for demurrer.

Huggins & Sowers, contra.

While the statutes are to be liberally construed, in such construction we must always look to the intention of the legislature in their enactment, and see to it not only that all the rights and remedies given to the sub-contractors, etc., are preserved, but also that the rights of the owner, etc., are protected as provided in the statute. The P. Hayden Saddlery Hardware Co. v. Slade & Kelton et al., 3 O. C. C. R. 67. This petition does not aver Avhen any subsequent payment fell due, nor does it contain the allegation that when the plaintiffs attempted to obtain their lien under section 3202, ten days had elapsed thereafter. It does not, therefore, shoAV that plaintiffs are entitled to a lien upon the property, and fails- to state a cause of action. Ohio Lien Laws, pp. 144, 145.
It is further claimed that the petition is defective in not aL leging that the work and materials were used in the construction of the building, and there are authorities Avhich hold that this is a necessary averment. But Ave think it sufficiently appears by this'petition, at least upon demurrer, that the labor and materials Avere furnished by the sub-contractor to the contractor for the construction of the building, and this seems to be all the requirement of the statute.
It is also claimed that the petition is defective in not setting out the amount of the subsequent payment out of Avhich the sub-contractors should have been paid, for the reason that his lien can only be enforced for the balance due the sub-contractor from the owner and not for the whole of his claim. We think this is a matter so peculiarly within the knowledge of the OAvner that it is a proper matter of ’defense, and is not essential to make out a cause of action upon the lien; the owner knows Avhat is due from him to the head contractor, and also Avhat other claims upon the same fund have been filed Avith him, and should set up these facts in his answer, and thus his liability will be shown.
The demurrer will be sustained.